## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMANUEL KATAEV,<br><br>Plaintiff,<br><br>-v-<br><br>TD BANK, N.A., EQUIFAX INFORMATION SERVICES, LLC, TRANSUNION, LLC and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | Civil Case Number:<br><br>**CIVIL ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## **INTRODUCTION**

1. Plaintiff, Emanuel Kataev, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that TD Bank, N.A ("TD Bank") has been negligently, recklessly and knowingly reporting false information regarding the Plaintiff to the national credit reporting agencies.

2. Plaintiff further alleges that Experian Information Solutions, Inc. (Experian), TransUnion, LLC (TransUnion) and Equifax Information Services, LLC (Equifax) have negligently and recklessly disseminated false information regarding the Plaintiff's credit.

3. Plaintiff further alleges that TransUnion, Equifax and Experian failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

4. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

5. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of New York, and violated Plaintiff's rights under the FCRA in the state of New York as alleged more fully below.

6. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

7. Plaintiff, Emanuel Kataev ("Plaintiff"), is a resident of Great Neck, New York and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8. Defendant Experian Information Solutions, Inc. is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

9. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

10. Defendant Equifax Information Services, LLC is similarly one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is

regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

11. Equifax's principal place of business is 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

12. Defendant Trans Union is also one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

13. Trans Union is a company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

14. Defendant TD Bank, N.A. (hereinafter "TD Bank") is a national bank with its headquarters located in Cherry Hill, New Jersey.

## FACTUAL ALLEGATIONS

15. During his former marriage, the Plaintiff and his then-wife Albina Khaimova took out a mortgage to purchase their family home.

16. The Plaintiff and Ms. Khaimova also took out a Home Equity Line of Credit against their home during their marriage.

17. These two home loans were serviced by TD Bank.

18. In 2018, the Plaintiff and Ms. Khaimova divorced.

19. On November 9, 2018, the divorce court awarded the family home to Ms. Khaimova, and

ordered that Ms. Khaimova would be solely responsible for the carrying charges on the home (including the TD Bank loans encumbering the property) and rejected Ms. Khaimova's attempt to have the Plaintiff be responsible for these loan payments.

20. Despite the Court ordering that payments on these TD Bank accounts going forward would be the responsibility of Ms. Khaimova, TD Bank continued to report these home loans, and the subsequent late payments, on the Plaintiff's credit reports.

21. For example, TD Bank reported to Equifax, Experian and Transunion –the nation's three largest consumer reporting agencies – that the Plaintiff was repeatedly delinquent in meeting his payment responsibilities on various occasions throughout 2019 and 2020.

22. This reporting is inaccurate, incomplete and misleading, as it makes it appear as if the Plaintiff is not financially responsible and does not meet his payment obligations when this is not true – instead, these debts were made the responsibility of Ms. Khaimova, and not that of Plaintiff, by the divorce court's November 2018 Order.

23. On several occasions, including on August 16, 2021 and April 29, 2022, the Plaintiff therefore disputed this erroneous reporting with Equifax, TransUnion and Experian.

24. With those dispute letters, the Plaintiff advised the credit bureaus that he was not responsible to make the payments on these two TD Bank loans, as per the divorce decree, and that Ms. Khaimova was instead the person who was responsible for these payments.

25. Plaintiff further included a copy of the divorce paperwork, reflecting that his former home and the attendant TD Bank home loans have solely been the property and responsibility of Ms. Khaimova since November 2018.

26. Within 30 days of receipt of the Plaintiff's disputes, the Defendants were each required to investigate the disputed information and provide the Plaintiff with the results of their

investigation.

27. The Defendants each received the Plaintiff's disputes.

28. However, Experian failed to do an adequate investigation of the Plaintiff's disputes, instead claiming to have 'verified' that the Plaintiff had been late on this account in 2019 and 2020, without including any clarifying or explanatory language on the Plaintiff's credit report which would have allowed future creditors to obtain a more complete understanding of Plaintiff's situation.

29. Transunion also failed to do an adequate investigation of the Plaintiff's dispute, instead similarly claiming to have 'verified' that the Plaintiff had been late on this account in 2019 and 2020, without including any clarifying or explanatory language on the Plaintiff's credit report which would have allowed future creditors to obtain a more complete understanding of Plaintiff's situation.

30. Finally, Equifax also failed to do an adequate investigation of the Plaintiff's dispute, instead claiming to have 'verified' that the Plaintiff had been late on this account in 2019 and 2020, without including any clarifying or explanatory language on the Plaintiff's credit report which would have allowed future creditors to obtain a more complete understanding of Plaintiff's situation.

31. Upon information and belief, Transunion, Equifax and Experian each relayed the Plaintiff's dispute to TD Bank, but TD Bank refused to investigate, correct or delete this inaccurate information, instead simply reporting these late payments in 2019 and 2020 on the Plaintiff's credit report without including any clarifying or explanatory language on the Plaintiff's credit report which would have allowed future creditors to obtain a more complete understanding of Plaintiff's situation.

32. At all times pertinent hereto, Transunion's Experian's and Equifax's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

33. At all times pertinent hereto, TD Bank's conduct was similarly willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

34. As a direct and proximate result of the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in his daily life. For example, the Plaintiff's credit scores dropped severely because of this inaccurate reporting, and the Plaintiff has been unable to get credit on favorable terms as a result of the Defendants' inaccurate reporting and has been dissuaded from applying for new credit while these negative marks are being reflected on his credit report. Plaintiff further suffered emotional distress along with frustration and annoyance because of the Defendants' actions.

<u>**COUNT I**</u>
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST EXPERIAN**

35. All preceding paragraphs are realleged.

36. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

37. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

38. In August of 2021 and again in April of 2022, the Plaintiff initiated disputes with Experian requesting that they correct these specific items in his credit file that were patently inaccurate and damaging to him.

39. Experian received the Plaintiff's dispute letters, as evidenced by the certified mail tracking numbers in the Plaintiff's possession.

40. However, Experian never adequately investigated the Plaintiff's disputes, as required by the FCRA.

41. Instead, Experian, having either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

42. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EXPERIAN

43. All preceding paragraphs are realleged.

44. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

45. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have corrected or removed the inaccurate TD Bank information being reported on the Plaintiff's credit report, especially where a basic investigation of the Plaintiff's disputes would have corroborated Plaintiff's disputes.

46. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST EQUIFAX

47. All preceding paragraphs are realleged.

48. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

49. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

50. In August of 2021 and April of 2022, the Plaintiff initiated disputes with Equifax requesting that they correct these specific items in his credit file that were patently inaccurate and damaging to him.

51. Equifax received these disputes, as evidenced by the certified mail tracking numbers in the Plaintiff's possession.

52. Equifax, having either conducted no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information on the Plaintiff's credit file, something that any basic investigation would have prevented.

53. As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct the reasonable investigation mandated by the FCRA, Plaintiff has been harmed, as stated above.

## COUNT IV
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EQUIFAX

54. All preceding paragraphs are realleged.

55. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

56. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have corrected or removed the inaccurate TD Bank information being reported on the Plaintiff's credit report, especially where a basic investigation of the Plaintiff's dispute would have corroborated Plaintiff's dispute.

57. As a direct and proximate result of Equifax's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT V
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST TRANSUNION

58. All preceding paragraphs are realleged.

59. At all times pertinent hereto, Transunion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

60. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

61. In August of 2021 and April of 2022, the Plaintiff initiated disputes with Transunion requesting that they correct these specific items in his credit file that were patently inaccurate and damaging to him.

62. Transunion received these disputes, as evidenced by the certified mail tracking numbers in the Plaintiff's possession.

63. Transunion, having either conducted no investigation or failing to conduct a reasonable investigation, continued to report these inaccurate items on the Plaintiff's credit file, something that any basic investigation would have prevented.

64. As a direct and proximate result of Transunion's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT VI
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST TRANSUNION

65. All preceding paragraphs are realleged.

66. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

67. Were Transunion to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have corrected or removed the inaccurate TD Bank information being reported on the Plaintiff's credit reports, especially where a basic investigation of the Plaintiff's dispute would have corroborated Plaintiff's dispute.

68. As a direct and proximate result of Transunion's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has

been harmed, as explained above.

## COUNT VII
### FAILURE TO INVESTIGATE DISPUTE
### FCRA, 15 USC § 1681s-2(b)
### AGAINST TD BANK

69. All preceding paragraphs are re-alleged.

70. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

71. In August of 2021 and against in April of 2022, the Plaintiff initiated multiple disputes with the credit bureaus disputing the accuracy of the account being reported by TD Bank.

72. Upon information and belief, TD Bank received notice of these disputes from the credit bureaus.

73. TD Bank was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's disputes.

74. TD Bank failed to reasonably investigate Plaintiff's dispute with the credit reporting agencies. Indeed, TD Bank could easily have checked its records and would have also seen the divorce paperwork provided by the Plaintiff, demonstrating that it is inaccurate, incomplete and misleading to report that the Plaintiff was late on making these payments in 2019 and 2020, when the Plaintiff hadn't been the party responsible for making these payments ever since the divorce in November 2018 when the divorce court ordered that Ms. Khaimova have full responsibility for these payments.

75. Even after the Plaintiff properly disputed these two accounts with the credit reporting agencies, TD Bank refused to conduct a reasonable investigation and continued inaccurately and incompletely reporting that the Plaintiff was late in paying on these accounts in 2019 and 2020, without any clarifying language which would have alerted

potential creditors to the fact that Ms. Khaimova had been given the full responsibility for making these payments, making this reporting incomplete, misleading, and therefore inaccurate as it failed to present a complete and non-misleading picture of the Plaintiff's situation.

76. TD Bank's conduct violated section 1681s-2(b) of the FCRA.

77. As a result of TD Bank's conduct, Plaintiff was harmed, as discussed above.

## DEMAND FOR TRIAL BY JURY

78. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that the Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining the Defendants from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: December 28, 2022

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Tel: (732) 695-3282
Fax: (732) 298-6256
Email: yzelman@marcuszelman.com

*Attorneys for Plaintiff*