

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
FORT WORTH
AUSTIN

*FIRM and AFFILIATE OFFICES*

HANOI
HO CHI MINH CITY
SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO

DAVID T. MCTAGGART
DIRECT DIAL: +1 212 471 1814
PERSONAL FAX: +1 212 202 4931
*E-MAIL:* dtmctaggart@duanemorris.com

*www.duanemorris.com*

August 2, 2023

**BY ECF**

Magistrate Judge Arlene R. Lindsay
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722-4451

> Re:   *Kataev v. TD Bank, N.A, et al.*
>        Civil Case No.: 2:22-cv-07913 (GRB) (ARL)

Your Honor:

We represent the last remaining defendant in this FCRA lawsuit, TD Bank, N.A.  We write to respond to Plaintiff's August 1, 2023 letter, which requests a settlement conference to address a purported "dispute the parties have which is impeding a prospective settlement that would fully resolve the case."  (D.E. 30.)  Unfortunately, Plaintiff does not articulate to the Court just what "dispute" might impede the parties' "prospective settlement," so we must do so now.

Initially, TD Bank disagrees that the settlement reached after a four-hour, Court-ordered mediation session on May 2, 2023 is "prospective."  The parties' agreement – which specifically required dismissal of this action by now – can and should be enforced as documented in post-mediation confirming emails consistent with Local Civil Rule 83.11(b)(7).  The only "dispute" is over whether Plaintiff should execute the written settlement agreement that TD Bank first transmitted to Plaintiff's then-attorney on May 16, 2023.  For reasons that have never been explained, Plaintiff has refused to sign, even as he insists upon selective performance of some of the agreement's terms that, according to Plaintiff, can be re-negotiated thereafter.

As we explained to Judge Brown in January, TD Bank has meritorious defenses to the claims asserted against it.  (D.E. 15)  In February 1 minute entries, however, the Court directed the parties to mediate, and so, on May 2, the parties negotiated a compromise.  TD Bank was willing to abide by that agreement in May, and it remains willing today.  But if Plaintiff continues to refuse to sign the written agreement and dismiss this civil action as agreed in May, then TD Bank has no option but to either file a motion to enforce the mediation settlement or renew its proposed motion to dismiss.



Magistrate Judge Arlene R. Lindsay
August 2, 2023
Page 2

     It is unclear what Plaintiff hopes to accomplish with the proposed settlement conference. Plaintiff filed his August 1 letter just minutes after we asked him, yet again, when he planned to execute the settlement agreement.  If the outcome of a conference is the Court directing Plaintiff to sign the agreement whose terms Plaintiff accepted before the mediator three months ago, then we welcome the opportunity for counsel to meet with the Court (there is no need to further involve our client in this process).  But, respectfully, we believe such a conference wastes judicial and party resources when the resolution to the "dispute" is clear:  Plaintiff either can sign and perform under the agreement, or he can unambiguously tell us that the deal is off so TD Bank can pursue appropriate motion practice.

Respectfully,

/s David T McTaggart

David T McTaggart

DTM:hs